**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IN RE** | ) | |
| | ) | |
| **MICHAEL H. POVEY** | ) | **Case No. 07-80076** |
|     **SSN:xxx-xx-3350** | ) | **Chapter 13** |
| **DEBORAH A. POVEY** | ) | |
|     **SSN:xxx-xx-5379** | ) | |
| **PO Box 26** | ) | |
| **Ardmore, OK 73401** | ) | |
|         **Debtors.** | ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CLAIM OF ROUNDUP FUNDING,
LLC (DOCKET #26) AND BRIEF IN SUPPORT THEREOF**

      **COMES NOW** the Chapter 13 Trustee and objects to the claim of Roundup Funding, LLC (Docket #26) pursuant to 11 U.S.C. § 502(b)(1) and requests that the Court deny said claim in its entirety. In support of his objection, the Chapter 13 Trustee submits the following brief in support thereof.

    **I.**    **FACTS**

1.     The Debtors filed their chapter 13 bankruptcy on January 26, 2007;

2.     Debtors' chapter 13 plan was confirmed by this Court on April 5, 2007;

3.     On May 21, 2007, Roundup Funding, LLC filed Proof of Claim #26 asserting an unsecured claim of $8,859.14;

4.     As proposed and confirmed, Debtors' chapter 13 plan's payout to unsecured creditors is approximately 20%, with an actual payout at approximately 34%;

5.     Roundup Funding, LLC's anticipated disbursement from the claim in question will be somewhere between $1,771.83 and $3,012.11;

6.     The only documentation provided by Roundup Funding, LLC to support its claim was an "Account Summary" generated by Roundup which

indicates that the claim in question was obtained by Roundup from Collect America;

7. According to the "Account Summary," Collect America allegedly obtained the debt from Maryland National Bank, N.A., the asserted "original creditor";

8. No assignments from either Collect America to Roundup or from Maryland National Bank, N.A. to Collect America were submitted with the Proof of Claim;

9. Other than the Proof of Claim and the Roundup generated "Account Summary," there was no documentation provided by Roundup evidencing Roundup's actual ownership or entitlement to the claim;

10. The Debtors did schedule a debt owed to CACV of Colorado, LLC in the amount of $9,532.68 in their bankruptcy schedules, but did not list Roundup as creditor;

11. The Chapter 13 Trustee's office contacted Roundup to request proof of ownership of the claim;

12. Roundup refused, and continues to refuse, requests from the Trustee's office for proof of ownership of the claim in question;

13. Upon information and belief, it is Roundup's position that it is not required to prove ownership of the claim in question;

14. Other creditors of the Debtors have provided the ownership information requested of Roundup by the Chapter 13 Trustee' office;

15. Without evidence of ownership, the Chapter 13 Trustee cannot be assured that Roundup is the rightful owner of the claim and is entitled, under applicable law, to be paid on the claim.

## II. LEGAL ARGUMENT

### A. Roundup Funding, LLC has both the Burden of Proof of Moving Forward on the Claim and the Ultimate Burden of Persuasion Regarding the Validity of the Claim.

"The procedure for the filing of a claim is governed by Bankruptcy Rule 3001...." In Re: Cluff, 313 B.R. 323, 330 (Bkrtcy D.Utah 2004). "Bankruptcy Rule 3001(f) deems an unsecured proof of claim *prima facie* evidence of its validity and the amount of the claim if it meets the conditions in Bankruptcy Rule 3001(c), and the claim is allowed unless a party in interest objects." Id. "Rule 3001(c) requires that a creditor with a claim based on a 'writing,' attach the original or duplicate of the writing unless said original or duplicate has been lost or destroyed, in which case a statement of circumstances of the loss must be filed with the claim." In Re Burkett, III, 329 B.R. 820, 827 (Bkrtcy S.D.Ohio 2005).

Bankruptcy Rule 3001 does not, however, provide substantive grounds for disallowance; it merely determines which party will have the burden of proof moving forward on the objection. In Re: Cluff, 313 B.R. at 331. The creditor's reward for complying with the requirements of Rule 3001 is that its proof of claim "shall constitute *prima facie* evidence of the validity and amount of the claim." In Re Burkett, III, 329 B.R. at 826. In other words, if the creditor complies with the requirements of Rule 3001, the party objecting to the claim must come forward with some evidence disputing the claim's validity. Id., at 827. The creditor, however, "still retains the ultimate burden of persuasion with regard to the validity of the claim" Id.

When, however, a proof of claim fails to comply with Rule 3001, the claim does not enjoy the presumption of validity and the creditor, not the party objecting to the claim, bears the burden of moving forward on the claim. Id. In such cases, the creditor "cannot, in response to an objection, rest on its proof of claim [but] must instead come forward with sufficient evidence of the claim's validity and amount." Id. This case is such a case. Accordingly, Roundup Funding, LLC must, in response to the Trustee's objection, come forward with sufficient evidence of its entitlement to payment.

Rules 3001(a), (b) and (c) are applicable to Roundup's claim and must be complied with in order for the claim to enjoy *prima facie* evidence of validity. Rule 3001(d) is not applicable because the claim is unsecured and Rule 3001(e)(1) applies only where there is a post-petition transfer of the debt prior to a claim being filed. If Roundup was assigned the debt after the petition then it was not required to file a Notice of Transfer under Rule 3001(e)(2). Rule 3001(e)(2) shall not apply until such time as a transfer of the claim occurs after the filing of the original proof of claim and Rules 3001(e)(3) and (4) only apply if Roundup holds a security interest in the debt. The Trustee believes that Roundup claims to own the debt.

Roundup Funding, LLC did not comply with Rule 3001(a), (b) and (c) when it filed the claim in question. The claim is a claim based on a "writing". In accordance with Official Form 10 and Rule 3001(c), Roundup Funding, LLC was required to attach a copy of the "writing" in question or provide a statement of the circumstances surrounding the loss or destruction of said "writing." Roundup did not file a copy of the "writing" in question, nor did it file any statement regarding the "writing's" destruction.

Instead, Roundup simply filed a self-generated "Account Summary" which provided the Debtor's name and address, the alleged account balance and last payment

date and bankruptcy information. The "Account Summary" also indicated that Roundup had obtained the debt in question from Collect America, who had allegedly obtained the debt from the original creditor, Maryland National Bank, N.A. The "Account Summary" filed by Roundup did not comply with Rule 3001(c), which in cases of assignments of account, requires some documentary proof of ownership of the claim. <u>In Re: Burkett</u>, 329 B.R. at 830 n.6. Despite numerous attempts, the Trustee has been unable to verify Roundup's ownership of the debt or its status as a creditor.

Because of its failure to comply with Rule 3001(a), (b), (c), Roundup does not enjoy the presumption that its proof of claim is valid. Roundup cannot, therefore, in response to the Trustee's objection, rely solely upon its proof of claim. Instead, Roundup must come forward with sufficient evidence that its claim is in fact valid. In this case, the evidence must include evidence that Roundup has actual ownership of the debt in question.

**B.     Roundup Must Provide Proof of Ownership to Prove Validity of its Claim.**

Section 502(b) of the Bankruptcy Code prescribes the grounds on which a claim may be disallowed and the grounds set forth in the statute are exclusive. 11 U.S.C. § 502(b), <u>and</u> <u>In Re: Cluff</u>, 313 B.R. at 331. "Courts have no discretion to disallow claims for reason beyond those stated in the statute." <u>Id.</u>   Stated otherwise, a party seeking to have a claim disallowed must find support for its request in § 502(b) of the Bankruptcy Code.

In this case, the Trustee finds support for his request in § 502(b)(1), which provides that a claim may be disallowed if:

> such claim is unenforceable against the debtor or property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

Id. It is the Trustee's position that the claim in question is unenforceable against the Debtors under applicable non bankruptcy law because Roundup Funding, LLC is not the owner of the debt and is not entitled to payment on the claim.

Roundup claims to be entitled to payment as a result of a two separate assignments. The first assignment allegedly occurred between the purported original creditor, Maryland National Bank, N.A. and Collect America. The second assignment was allegedly between Collect America and Roundup. It is Roundup's apparent position that by virtue of these two assignments, Roundup is the rightful owner of the debt and is entitled to payment under the proof of claim. Aside from the self-generated "Account Summary," Roundup does not provide any documentation evidencing the alleged original assignment from Maryland National Bank, N.A. to Collect America or the alleged assignment from Collect America to Roundup. The only creditor listed in the Debtors' schedules is CACV of Colorado, LLC.

"It is . . . well established that an assignee takes no greater rights than his assignor had." Delta Traffic Service, Inc. v. Sysco Intermountain Food Services, Inc., 944 F.2d 911 (10th Cir.1991)(unpublished); see also, swan Air Conditioning Company v. Crest Construction Corporation, 568 P.2d 1330, 1335 (Ok.Ct.App.1977) and Commerce Bank, NA. v. Chrysler Realty Corporation, 244 F.3d 777 (10th Cir.2001). It is also equally well established that the burden of proving the assignment is upon the assignee. Id. "In general, the party that relies on an assignment has the burden of proving its existence and validity." Simon v. Shearson Lehman Brothers, Inc., 895 F.2d 1304, 1321 (11th Cir.199), citing National Advertising Co. v. Sayers, 144 Colo. 356, 357, 356 P.2d 483, 483 (1960)

(idea that party who claims under an assignment has the burden of proving the assignment is "Hornbook law") and Federal Deposit Insurance Corp. v. Barness, 484 F.Supp. 1134, 1150 (E.D.Pa.1980) (assignee must prove validity of ownership of claim).

In this case, Roundup is claiming entitlement to payment via an assignment it allegedly obtained from Collect America, whom Roundup claims obtained an assignment from the original creditor, Maryland National Bank, N.A. Under well established, in fact, Hornbook law, Roundup must prove the assignment from which it claims entitlement. Such proof must necessarily include proof of the assignment from Collect America to Roundup and proof of the assignment from Maryland National Bank, N.A. to Collect America. Without such proof, Roundup cannot prove that it has obtained the rights held by Debtors' original creditor, Maryland National Bank, N.A., and cannot, therefore, prove that it is entitled to payment from the Debtors. If Roundup cannot prove ownership of the debt, said debt is not enforceable against the Debtors and must be disallowed under § 502(b)(1).

Roundup's claim also has enforceability problems under Oklahoma's Consumer Credit Code, which provides, in part, that "[t]he debtor is authorized to pay the original lender until he receives notification of assignment of rights to payment pursuant to a consumer loan and that payment is to be made to the assignee." 14A O.S. § 3-406. The Consumer Credit Code further provides that "[a] notification that does not reasonably identify the rights assigned is ineffective" and "[i]f requested by the debtor, the assignee must seasonably furnish reasonable proof that the assignment has been made and unless he does so the debtor may pay the original lender." Id.

Roundup has not provided the Trustee with any evidence of an assignment from either Maryland National Bank, N.A. to Collect America or from Collect America to

Roundup. It is reasonable to believe, therefore, that Roundup has not provided such proof to the Debtors. Had Roundup provided the Debtors with such proof, the Debtors would have listed Roundup as a creditor on their bankruptcy schedules. As noted above, neither creditor was listed by the Debtors.

Upon information and belief Roundup, LLC is not licensed as a supervised lender in the State of Oklahoma. Attorney General Opinion 75-227 makes clear that Roundup, as assignee of the debt must be a supervised lender licensed in the State of Oklahoma in order to have an enforceable debt. The UCCC states that any such debt is void. 14A O.S. §§3-502 and 5-202. Accordingly, even if Roundup is the owner of the debt, such debt is unenforceable and the claim may be disallowed under 11 U.S.C. §502(b)(1).

### III. CONCLUSION

The claim filed by Roundup Funding, LLC should be disallowed either because Roundup has failed to establish that it is the owner of the debt or because it has failed to establish that it is licensed as a supervised lender pursuant to 11 U.S.C. § 502(b)(1).

    Respectfully submitted

    /s/William Mark Bonney
    William Mark Bonney, OBA #12221
    Chapter 13 Trustee
    POB 1548
    Muskogee, OK 74402-1548
    918-683-3840/Fax 918-683-3302
    bonney@13okeb.com