**Dated: April 09, 2008**
**The following is ORDERED:**



  Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**MICHAEL H. POVEY and**  Case No. 07-80076
**DEBORAH A. POVEY**  Chapter 13

  Debtors.

**O R D E R**

On the 26th day of February, 2008, the above-referenced case came on for evidentiary hearing.[1] The issue before this Court is whether a creditor's proof of claim is sufficient in the face of an objection when there is no evidence of certain assignments that would establish the creditor's

---

[1] The Chapter 13 Trustee's Objection to Claim of Roundup Funding, LLC (Docket #21) and Brief in Support Thereof, Chapter 13 Trustee's Objection to Claim of Roundup Funding, LLC (Docket #22) and Brief in Support Thereof, Roundup Funding, LLC's Response in Opposition to Trustee's Objection to Claim Number Twenty One (21) and Twenty Two (22), Chapter 13 Trustee's Objection to Claim of Roundup Funding, LLC (Docket #23) and Brief in Support Thereof, Chapter 13 Trustee's Objection to Claim of Roundup Funding, LLC (Docket #24) and Brief in Support Thereof, Chapter 13 Trustee's Objection to Claim of Roundup Funding, LLC (Docket #25) and Brief in Support Thereof, Roundup Funding, LLC's Response in Opposition to Trustee's Objection to Claim Number Twenty Three (23), Twenty Four (24) and Twenty Five (25), Chapter 13 Trustee's Objection to Claim of Roundup Funding, LLC (Docket #26) and Brief in Support Thereof, and Roundup Funding, LLC's Response in Opposition to Trustee's Objection to Claim Number Twenty Six (26), were before the Court.

ownership of the claim at issue. Appearances were entered by Richard Walden, Attorney for the Chapter 13 Trustee, William M. Bonney, Chapter 13 Trustee, and Clifton Gooding, Attorney for Roundup Funding, LLC ("Roundup"). After reviewing the evidence and testimony, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

The Chapter 13 Trustee filed objections pursuant to 11 U.S.C. § 502(b)(1) to six proofs of claim filed by Roundup. The Trustee argues that Roundup has failed to prove its ownership of the claims at issue, and therefore the claims are unenforceable against the Debtors. The Trustee further contends that because Roundup failed to attach documentary support to its Proofs of Claim pursuant to Bankruptcy Rule 3001(c), the Proofs of Claim were not "executed and filed in accordance with" Rule 3001(c) and therefore do not constitute *prima facie* evidence of the existence and amount of Roundup's claims under Banrkuptcy Rule 3001(f). The Trustee argues that Roundup must come forward with sufficient evidence that its claims are in fact valid, including evidence that Roundup actually owns the debts.

Roundup contends that the failure to attach assignments or documentation to a proof of claim is not a basis for claim disallowance under § 502(b) and that Bankruptcy Rule 3001(e)(1) does not require Roundup to provide evidence of an assignment. Roundup also argues that it is the only creditor that has filed claims for the debts at issue, and further argues that its Proofs of Claim were filed under penalty of perjury. Finally, Roundup argues that the Trustee's Objections interfere with the "just, speedy and inexpensive determination of every case and proceeding." In essence, Roundup contends that the Trustee has the burden of coming forward with evidence that the Debtors do not owe the debts at issue to Roundup, and that the Trustee has failed to meet that burden.

2

A Pre-Trial Order, entered February 26, 2008, provides the following Stipulated Facts:

1. The Debtors filed bankruptcy under Chapter 13 of the Bankruptcy Code on January 26, 2007;

2. Roundup Funding, LLC filed Proof of Claim (Court Claim #21) in the amount of $13,387.29 on May 7, 2007, with an attached "Account Summary" alleging that Roundup had obtained the claim through an assignment from Sherman Acquisition, LLC and that the original creditor was Bank of America (acct# xxxxxxxxxxxx3427);

3. Roundup Funding, LLC provided the Chapter 13 Trustee with an "Assignment of Accounts dated March 30, 2007 evidencing a purchase of certain debts listed in "Schedule I" by Roundup from Sherman Acquisition, LLC. "Schedule I" was not attached to the assignment provided by Roundup Funding, LLC;

4. Roundup Funding, LLC filed Proof of Claim (Court Claim #22) in the amount of $529.87 on May 7, 2007, with an attached "Account Summary" alleging that Roundup had obtained the claim through an assignment from Sherman Acquisition, LLC and that the original creditor was GE Capital - JC Penney Consumer (acct# xxxxxxxxxxxx9416);

5. Roundup Funding, LLC provided the Chapter 13 Trustee with an "Assignment of Accounts" dated March 30, 2007 evidencing a purchase of certain debts listed in "Schedule I" by Roundup from Sherman Acquisition, LLC. "Schedule I" was not attached to the assignment provided by Roundup Funding, LLC;

6. Roundup Funding, LLC filed Proof of Claim (Court Claim #23) in the amount of $1,320.14 on March 2, 2007, with an attached "Account Summary" alleging that Roundup had obtained the claim through an assignment from Unifund CCR Partners and that the original creditor was Bank One - Flint (acct# xxx0592).

7. Roundup Funding, LLC provided the Chapter 13 Trustee with a "Bill of Sale and Waiver of Notice of Transfer of Claims" dated February 23, 2007 evidencing a purchase of certain debts listed in "Appendix A" by B-Line, LLC from Unifund CCR Partners. "Appendix A" was not attached to the bill of sale provided by Roundup Funding, LLC;

8. Roundup Funding, LLC filed a Proof of Claim (Court Claim #24) in the amount of $3,085.37 on March 2, 2007, with an attached "Account Summary" alleging that Roundup had obtained the claim through an

3

Case 07-80076   Doc 100   Filed 04/09/08   Entered 04/09/08 15:32:02   Desc Main
              Document      Page 3 of 12

assignment from Unifund CCR Partners and that the original creditor was Best Buy (acct# xxx0592);

9. Roundup Funding, LLC provided the Chapter 13 Trustee with a "Bill of Sale and Waiver of Notice of Transfer of Claims" dated February 23, 2007 evidencing a purchase of certain debts listed in "Appendix A" by B-Line, LLC from Unifund CCR Partners. "Appendix A" was not attached to the bill of sale provided by Roundup Funding, LLC;

10. Roundup Funding, LLC filed Proof of Claim (Court Claim #25) in the amount of $4,821.17 on March 2, 2007, with an attached "Account Summary" alleging that Roundup had obtained the claim through an assignment from Unifund CCR Partners and that the original creditor was FUSA - LS - Bank One (acct# xxx0592);

11. Roundup Funding, LLC provided the Chapter 13 Trustee with a "Bill of Sale and Waiver of Notice of Transfer of Claims" dated February 23, 2007 evidencing a purchase of certain debts listed in "Appendix A" by B-Line, LLC from Unifund CCR Partners. "Appendix A" was not attached to the bill of sale provided by Roundup Funding, LLC;

12. Roundup Funding, LLC filed Proof of Claim (Court Claim #26) in the amount of $8,859.14 on March 2, 2007, with an attached "Account Summary" alleging that Roundup had obtained the claim through an assignment from Collect America and that the original creditor was Maryland National Bank (acct#xxxxxxxxxxxx6116);

13. Roundup Funding, LLC provided the Chapter 13 Trustee with an "Assignment of Accounts and Waiver of Notice of Transfer of Claims" dated March 23, 2007 evidencing a purchase of certain debts described on computer data filed by Roundup Funding, LLC from Collect America, Ltd. The computer data files were not attached to the assignment of accounts provided by Roundup Funding, LLC.

14. Schedule F to the Debtors' Voluntary Petition does not list Sherman Acquisition, LLC as a creditor having a claim against the Debtors.

15. Schedule F to the Debtors' Voluntary Petition does list Unifund CCR Partners as a creditor holding a claim against Debtors, but not on the account numbers provided in proofs of claim nos. 23, 24 & 25;

16. Roundup Funding, LLC has not provided the Chapter 13 Trustee with any assignment evidencing the alleged transfer of ownership from Bank of America to Sherman Acquisition;

4

17. Roundup Funding, LLC has not provided the Chapter 13 Trustee with any assignment evidencing the alleged transfer of ownership from GE Capital - JC Penney to Sherman Acquisition;

18. Roundup Funding, LLC has not provided the Chapter 13 Trustee with any assignment evidencing the alleged transfer of ownership from Bank One - Flint to Unifund CCR Partners;

19. Roundup Funding, LLC has not provided the Chapter 13 Trustee with any assignment evidencing the alleged transfer of ownership from Best Buy to Unifund CCR Partners;

20. Roundup Funding, LLC has not provided the Chapter 13 Trustee with any assignment evidencing the alleged transfer of ownership from FUSA - LS - Bank One to Unifund CCR Partners;

21. Roundup Funding, LLC has not provided the Chapter 13 Trustee with any assignment evidencing the alleged transfer of ownership from Maryland National Bank to Collect America, Ltd.;

Mr. Bonney testified at trial that after reviewing Roundup's Exhibits he is satisfied with the chain of title involved with Claim #26. He withdrew his Objection to Claim #26, and this Court approves that withdrawal. As a result, Roundup's related Response is moot.

All of the Proofs of Claim were filed using Official Form 10 and signed by Steven G. Kane, as "Authorized Agent for Roundup Funding, LLC." Paragraph 2 of Form 10 is titled "Date debt was incurred," and in each Proof of Claim Roundup stated "Charges made Prior to Filing." Paragraph 5 of Form 10 contains the statement "Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges." In each Proof of Claim Roundup left the box blank and there are no itemized statements of interest or additional charges attached to any of the Proofs of Claim. Paragraph 7 of Form 10 instructs the claimant to attach copies of supporting documents, "such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages,

security agreements, and evidence of perfection of lien. . . . If the documents are not available, explain. If the documents are voluminous, attach a summary." Roundup attached an "Account Summary" to each Proof of Claim.

The summaries attached to Claim #21 and Claim #22 contain Mr. Povey's name, address, last four digits of his Social Security number, his counsel's name and address, the case number and chapter, the court name and city in which the court is located, the amount of the debts, the original creditors and the related account numbers. The Court notes that this information is already available to the public, as it is all contained in the Debtors' schedules. Additional information found in the summaries includes: Roundup listed as the creditor with different account numbers; Sherman Acquisition, LLC listed as the assignor; "Last Payment Date;" "Charge Off Date;" "Open Date;" "Last Payment Amount;" "Last Purchase Date;" and "Last Purchase Amount," of which the last three were left blank. Nothing else was attached to Claims #21 and #22, and neither contain a statement that the relevant documents are too voluminous to attach.

The summaries attached to Claim #23, Claim #24 and Claim #25 only contain Mr. Povey's name, address, last four digits of his Social Security number, the amount of the debts, the original creditors, related account numbers, "Last Payment Date," "Last Purchase Date," "Last Payment Amount," and "Last Purchase Amount," of which the last two fields were left blank. On all three Account Summaries the "Related Account Number" is listed as "XXX0592". Nothing else was attached to Claims #23, #24 and #25, and none of the summaries allege that the relevant documents are too voluminous to attach.

<u>Claim #21</u>

Roundup is not listed as a creditor on Debtors' Schedule F. Further, as stated above,

6

Case 07-80076   Doc 100   Filed 04/09/08   Entered 04/09/08 15:32:02   Desc Main
Document      Page 6 of 12

Sherman Acquisition, LLC is not listed as a creditor on Debtors' Schedule F. Debtors did list Bank of America as a creditor. The debt amount is listed as $13,613.84, which is very close to the amount listed in Claim #21. The account number in Schedule F matches one of the account numbers provided in Roundup's Account Summary attached to Claim #21.

Claim #22

GE Capital - JC Penney Consumer is listed in the Account Summary as the original creditor on this debt. Debtors did list JC Penney as a creditor, with a debt of $529.87. This amount matches the amount provided in Roundup's Proof of Claim, and the account number in Schedule F matches one of the account numbers provided in the Account Summary.

Claim #23

Bank One - Flint is listed in Roundup's Account Summary as the original creditor on this debt. Bank One is listed three different times in Debtors' Schedule F. One of the listings shows a debt of $1,150.69 on an account number that matches one of the account numbers provided on Roundup's Proof of Claim.

Claim #24

Roundup's Proof of Claim lists Best Buy as the original creditor on this debt. Debtors' Schedule F lists a Bank One debt of $1,666.91 with an account number that matches one of the account numbers listed on Roundup's Proof of Claim. The amount shown on Schedule F is much lower than the amount listed in Roundup's Proof of Claim.

Claim #25

Roundup's Proof of Claim lists FUSA - LS - Bank One Postpaid as the original creditor on this debt. Debtors' Schedule F lists a Bank One debt of $2,707.60 with an account number that

7

matches one of the account numbers listed on Roundup's Proof of Claim. Again, the amount shown on Schedule F is much lower than the amount listed in Roundup's Proof of Claim.

### Assignments

The documents provided to the Trustee, upon the Trustee's discovery request, purport to be the assignments from Sherman Acquisitions, LLC or Unifund CCR Partners to Roundup. However, the appendices or schedules referenced in the assignments are not attached, and this Court has no way of determining that the debts at issue are included in the assignments.

### Conclusions of Law

Bankruptcy Rule 3001 governs the procedures for filing claims. "When a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Fed. R. Bankr. P. 3001(c). "A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

If the proof of claim meets the requirements under Rule 3001 and constitutes *prima facie* evidence of the validity and amount of the claim, then "[t]he objecting party has the burden of going forward with evidence supporting the objection." *Wilson v. Broadband Wireless Int'l Corp. (In re Broadband Wireless Int'l Corp.),* 295 B.R. 140, 145 (B.A.P. 10th Cir. 2003)(citation omitted). However, if the proof of claim is not "executed and filed in accordance with these rules," there is no *prima facie* evidence of the validity and amount of the claim, and the claimant has "the initial burden of proving that a claim exists and the amount of that claim." *Id.*

In the present case, Roundup failed to comply with Bankruptcy Rule 3001(c). Roundup did

8

not attach the writings that the claims are based on, nor did it explain in the Proofs of Claim why it failed to attach any writings. The Account Summaries do not set forth any terms that would be contained in a writing as contemplated under Bankruptcy Rule 3001(c), and do not allege that the writings are too voluminous to attach. Because Roundup did not execute and file its Proofs of Claim in accordance with the applicable rules, its Proofs of Claim are not *prima facie* evidence of the validity and amount of the claims. As a result, Roundup had the burden of coming forward with sufficient evidence of its entitlement to payment.

Section 502(b) of the Bankruptcy Code lists the grounds on which a claim may be disallowed. The Trustee relies on § 502(b)(1), which provides that a claim shall be allowed except to the extent that, "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). The Trustee asserts that the claims are unenforceable against the Debtors under applicable non-bankruptcy law because Roundup is not the owner of the debts and is not entitled to payment on the claims. The Trustee also asserts enforceability problems under the Oklahoma Consumer Credit Code, and the fact that Roundup is not licensed as a supervised lender in the State of Oklahoma.

Roundup cites to *B-Line, LLC v. Kirkland (In re Kirkland),* 379 B.R. 341 (B.A.P. 10th Cir. 2007) in support of its position. In *Kirkland*, the majority held that the failure to attach written documentation to a proof of claim does not in itself require outright disallowance of the claim. *Id.* This Court agrees. In the present case, however, the Trustee has asserted a valid substantive objection.

> If a proof of claim lacking proper attachments does not correlate to a debt scheduled
> by the debtor, or aspects of the claim differ from the scheduled debt, this may give

9

Case 07-80076   Doc 100   Filed 04/09/08   Entered 04/09/08 15:32:02   Desc Main
Document      Page 9 of 12

> rise to a valid objection by the debtor . . . for lack of verification of ownership and/or the amount of the claim . . . [A] failure to respond to the objection could lead to disallowance of the claim and, even if the creditor does respond, the creditor will carry the burden of going forward as well as the ultimate burden of proof to establish its claim at the hearing on the substantive objection.

*In re Burkett*, 329 B.R. 820, 829-30 (Bankr. S. D. Ohio 2005).

The assignment documents fail to establish that the original debts were transferred to Roundup. The appendices and schedules referenced in the documents were not provided, and therefore there is no way to determine that the original debts were part of the assignment documents. Further, the assignment documents from the original creditors to Sherman Acquisition, LLC and Unifund CCR Partners were not provided. Roundup has not established a chain of title of the original debts. The fact that the original creditors have not filed proofs of claim on the debts at issue does not *per se* establish Roundup's ownership of the debts.

Roundup also failed to establish the validity and the amount of the debts at issue. The claims each appear to have a slight connection to debts contained in Schedule F, in that one is able to match the last four digits of certain account numbers (as stated above, this information is available to the public). The amounts of the debts, with the exception of one, differ and some differ substantially. The connection between the Debtors' Schedule F and Roundup's Proofs of Claim is marginal, at best, and as a result Debtors' Schedule F does not support Roundup's claims of ownership or the validity of the debts. Roundup did not offer any evidence at trial that would prove the validity or amount of the debts. Only the Proofs of Claim were offered, as well as the assignment documents provided to the Trustee. A representation of Roundup did not appear to assist the trier of fact.

Roundup also argues that under Bankruptcy Rule 3001(e)(1), if an unsecured claim has been transferred before a proof of claim is filed, the transferee may only file the proof of claim and

10

evidence of the assignment is not required. Bankruptcy Rule 3001(e)(1) states "[i]f a claim has been transferred other than for security before proof of the claim has been filed, the proof of claim may be filed only by the transferee or an indenture trustee." This Court believes that 3001(e)(1) provides for who may file a claim under those circumstances, not what evidence or documentary support is required to prove its ownership of the claim. *In re Kendall,* 380 B.R. 37, 47 n.11 (Bankr. N.D. Okla. 2007).

Roundup has failed to meet its ultimate burden of proof, by a preponderance of the evidence, of the validity or amount of the debts, or its ownership of the debts, thus failing to prove that its claims are enforceable against the Debtors. As a result, the Trustee's Objections should be sustained pursuant to 11 U.S.C. § 502(b)(1).

IT IS THEREFORE ORDERED that the Chapter 13 Trustee's Objection to Claim of Roundup Funding, LLC (Docket #21) and Brief in Support Thereof is **sustained.**

IT IS FURTHER ORDERED that the Chapter 13 Trustee's Objection to Claim of Roundup Funding, LLC (Docket #22) and Brief in Support Thereof is **sustained.**

IT IS FURTHER ORDERED that the Chapter 13 Trustee's Objection to Claim of Roundup Funding, LLC (Docket #23) and Brief in Support Thereof is **sustained.**

IT IS FURTHER ORDERED that the Chapter 13 Trustee's Objection to Claim of Roundup Funding, LLC (Docket #24) and Brief in Support Thereof is **sustained.**

IT IS FURTHER ORDERED that the Chapter 13 Trustee's Objection to Claim of Roundup Funding, LLC (Docket #25) and Brief in Support Thereof is **sustained.**

IT IS FURTHER ORDERED that the Chapter 13 Trustee's withdrawal of Objection to Claim Number 26 (Docket Entry 82) is **approved.**

IT IS FURTHER ORDERED that Roundup Funding, LLC's Response in Opposition to Trustee's Objection to Claim Number Twenty Six (26) is **moot**.

###

12